1

SEYFARTH SHAW LLP
Kathleen Cahill Slaught (SBN 168129)
kslaught@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

2

3

4

5

Ryan R. Tikker (SBN 312860)
rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

6

7

8

Attorneys for Defendant
UNITEDHEALTHCARE INSURANCE
COMPANY

9

10

11

12

UNITED STATES DISTRICT COURT

13

CENTRAL DISTRICT OF CALIFORNIA

14

15

| DR. JOHN ATTENELLO MD APC, | Case No. 2:25-cv-02258-RGK-MAA |
|---|---|

16

Plaintiff,

**DEFENDANT'S OPPOSITION TO DR. ATTENELLO'S MOTION TO REMAND**

17

v.

18

UNITED HEALTHCARE INSURANCE COMPANY,

Action Filed: February 10, 2025

19

Defendant.

Date: April 28, 2025
Time: 9:00 a.m.
Place: Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, Courtroom 850, 8th Floor

20

21

22

23

*[Filed concurrently with Declaration of Ryan R. Tikker in Support Thereof]*

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   DR. ATTENELLO IS NOT A PARTY; THIS WARRANTS DENIAL..................2

III.  FEDERAL JURISDICTION ..................................................................................3

    A.    Plaintiff's Claims Arise Under Federal Law......................................................3

    B.    Federal Officer Removal Grounds. .................................................................6

IV.   DR. ATTENELLO'S REMAINING ARGUMENTS ARE DISTRACTIONS........9

    A.    A Defendant May Remove A Small Claims Action To Federal Court. .........9

    B.    There Is No Collateral Estoppel. ...................................................................10

    C.    Plaintiff's Arguments For Concurrent Jurisdiction Are Irrelevant. ..............11

    D.    Dr. Attenello's Sanctions Request Is Inappropriate......................................12

V.    CONCLUSION......................................................................................................12

OPPOSITION TO DR. ATTENELLO'S MOTION TO REMAND; CASE NO. 2:25-CV-02258-RGK-MAA

317290440v.2

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Advanced Orthopedic Ctr., Inc. v UnitedHealthcare Ins. Co.*,
2024 WL 493883 (C.D. Cal. Feb. 6, 2024) .................................................. 10, 11, 12

*Advanced Orthopedic Ctr., Inc. v. Lakeside Medical Org.*,
2025 WL 385608 (C.D. Cal. Feb. 3, 2025) ............................................................. 3

*Am. Well Works Co. v. Layne & Bowler Co.*,
241 U.S. 257 (1916) ............................................................................................... 4

*Appling v. State Farm Mut. Auto. Ins. Co.*,
340 F.3d 769 (9th Cir. 2003) ............................................................................... 10

*Ardary v. Aetna Health Plans of California, Inc.*,
98 F.3d 496 (9th Cir. 1996) ................................................................................... 5

*Ata Mazaheri, M.D., Inc. v. UnitedHealthcare Ins. Co.*,
2023 WL 5167362 (C.D. Cal. July 10, 2023) ....................................................... 6

*Beaumont Foot Specialists, Inc. v. United Healthcare of Tex., Inc.*,
2015 WL 9257026 (E.D. Tex. Dec. 14, 2015) ...................................................... 8

*Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971) ............................................................................................. 11

*Cnty of San Mateo v. Chevron Corp.*,
32 F.4th 733 (9th Cir. 2022) ............................................................................... 6, 7

*Davis & Cox v. Summa Corp.*,
751 F.2d 1507 (9th Cir. 1985) ............................................................................. 11

*Do Sung Uhm v. Humana, Inc.*,
620 F.3d 1134 (9th Cir. 2010) ............................................................................ 5, 9

*Erlich v. Glasner*,
418 F.2d 226 (9th Cir. 1969) ................................................................................. 2

*Escarcega v. Verdugo Vista Operating Co.*,
2020 WL 1703181 (C.D. Cal. Apr. 8, 2020) .................................................... 8, 11

ii

*Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*,
    873 F.2d 229 (9th Cir. 1989) ....................................................................... 11

*Fidelitad, Inc. v. Insitu, Inc.*,
    904 F.3d 1095 (9th Cir. 2018) ....................................................................... 7

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
    463 U.S. 1 (1983) ............................................................................................. 4

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001) ....................................................................... 12

*Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*,
    865 F.3d 1237 (9th Cir. 2017) ....................................................................... 7

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
    545 U.S. 308 (2005) ......................................................................................... 4

*Gunn v. Minton*,
    568 U.S. 251 (2013) .................................................................................... 4, 5

*Heckler v. Ringer*,
    466 U.S. 602 (1984) .................................................................................... 5, 7

*Heino v. U.S. Ctr. for Medicare*,
    709 F. Supp. 3d 1239 (D. Or. Dec. 22, 2023) ........................................... 5

*Inchauspe v. Scan Health Plan*,
    2018 WL 566790 (C.D. Cal. Jan. 23, 2018) ............................................... 8

*Johnson v. Shalala*,
    2 F.3d 918 (9th Cir. 1993) ........................................................................... 10

*Kaiser v. Blue Cross of Cal.*,
    347 F.3d 1107 (9th Cir. 2003) ....................................................................... 5

*Kildare v. Saenz*,
    325 F.3d 1078 (9th Cir. 2003) ..................................................................... 10

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) .................................................................. 6, 7

*Metro. Life Ins. Co. v. Taylor*,
    481 U.S. 58 (1987) ........................................................................................... 4

*MHA, LLC v. Amerigroup Corp.*,
    2021 WL 226110 (D.N.J. Jan. 21, 2021)................................................8, 11

*Namdy Consulting, Inc. v. UnitedHealthcare Ins. Co.*,
    2018 WL 6507890 (C.D. Cal. Dec. 7, 2018)................................................6

*New York City Health and Hosp. Corp. v. WellCare of N.Y., Inc.*,
    769 F. Supp. 2d 250 (S.D.N.Y. 2011)................................................8

*Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*,
    647 F. App'x 619 (6th Cir. 2016)................................................11

*Phillips v. Kaiser Found. Health Plan, Inc.*,
    953 F. Supp. 2d 1078 (N.D. Cal. 2011)................................................9

*Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan*,
    210 F. Supp. 3d 1225 (C.D. Cal. 2016)................................................5

*Regional Medical Transport, Inc. v. Highmark, Inc.*,
    541 F. Supp. 2d 718 (E.D. Pa. 2008)................................................7

*Rubin v. Air China Ltd.*,
    2011 WL 1002099 (N.D. Cal. 2011)................................................10

*Shell Petro., N.V. v. Graves*,
    709 F.2d 593 (9th Cir. 1983)................................................2

*Sherman v. British Leyland Motors, Ltd.*,
    601 F.2d 429 (9th Cir. 1979)................................................2

*Torres v. United Healthcare Ins. Co.*,
    2024 WL 3498861 (C.D. Cal. June 28, 2024)................................................6

*U.S. v. Blue Cross and Blue Shield of Md., Inc.*,
    790 F.Supp.106 (D.MD. 1992)................................................7, 8

*Von Brimer v. Whirlpool Corp.*,
    536 F.2d 838 (9th Cir. 1976)................................................2

*Watson v. Philip Morris Cos.*,
    551 U.S. 142 (2007)................................................6

iv

**State Cases**

*Nissanoff v. UnitedHealthcare Ins. Co.*,
    329 Cal.Rptr.3d 156 (2024) ...................................................................... 6, 12

*Quishenberry v. UnitedHealthcare, Inc.*,
    14 Cal.5th 1057 (2023) ............................................................................... 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Non-party and individual John Attenello, M.D. ("Dr. Attenello"), and not the initial plaintiff and corporation Dr. John Attenello MD APC ("Plaintiff"), filed a procedurally defective and improper Motion to Remand ("Motion").  The individual **Dr. Attenello is not a party to this action, and has no standing to proceed or file motions in a matter where his corporation is the plaintiff.**  For this reason, the Motion should be denied[1].

While the standing issue is dispositive of Dr. Attenello's Motion, it also should be denied as violative of the Local Rules.  Dr. Attenello's Motion violates C.D. Cal. Civ. L.R. (L.R.) 7-3.  No L.R. 7-3 meet and confer conference occurred.[2]  The Motion also is filed in violation of L.R. 83-2.2.2, as Dr. Attenello is a pro se litigant improperly attempting to represent a business entity.  Plaintiff's Motion violates the Local Rules, and should be summarily denied by the Court.

Substantively, Dr. Attenello misconstrues Defendant UnitedHealthcare Insurance Company's ("UHIC") grounds for removal.  Here, Plaintiff directly challenges the "Medicare Paid Amount," "the Medicare Approved Amount," and "Medicare statement" for the at-issue claims.  And, on information and belief, Plaintiff routinely accepts "Medicare assignments" thereby agreeing to treat a Medicare-enrolled patient and accepting Medicare-allowed amounts as payment in full for Medicare-covered services. (*See* Tikker Decl., ¶¶ 6-8.)  Thus, while it remains unclear if Plaintiff intends to dispute the at-issue patient's Medicare enrollment, the plan (a Medicare supplemental plan), or both, it is necessary to resolve those issues under federal Medicare laws, rules, and regulations.

UHIC operates as a Medicare Advantage Organization ("MAO") for certain plans

---

[1] Defendant files this opposition pursuant to the Court's directive (Dkt. 30), and thanks the Court for its courtesies in extending Defendant's deadline to respond.

[2] *See* Declaration of Ryan R. Tikker in Support of Opposition, ("Tikker Decl.") ¶¶ 2-4.

and fulfills basic governmental task by administering Medicare benefits, while also administering supplemental benefits. Allowing an emergency services provider to sue in state court to challenge the administration of Medicare benefits and/or a Medicare reimbursement methodology, as defined under the Medicare Act, is an intrusion on the comprehensive regulations promulgated by the Centers of Medicare & Medicaid Services ("CMS"). UHIC should not be forced to litigate a dispute intertwined with federal Medicare issues in state court.

The rest of Dr. Attenello's arguments are inapplicable or incorrect statements of law. For instance, Dr. Attenello argues that collateral estoppel bars UHIC from ever removing a matter, because a Central District judge ordered remand in another matter involving a different plan document, a different emergency provider, different claims, and different legal theories. Dr. Attenello also avers that no small claims action may ever be removed to federal court, or that public policy favors remand. Dr. Attenello is incorrect. Dr. Attenello seeks to file countless small claims lawsuits against UHIC, asserting legal theories that are incorrect as a matter of law, for financial gain.

Therefore, for the reasons stated below, the Court should deny Plaintiff's Motion.

## II.    DR. ATTENELLO IS NOT A PARTY; THIS WARRANTS DENIAL

The Court must address the initial hurdle created with Dr. Attenello: he is not a party to this action, and has no standing to seek relief in this Court. Dr. Attenello's filing makes clear that he is appearing *pro se* on behalf of the corporate entity, Dr. John Attenello MD APC. Even if Dr. Attenello is a shareholder of Dr. John Attenello MD APC, he does not have standing to request relief from the Court.

It is axiomatic that a shareholder does not have standing to redress an injury to the corporation. *See Shell Petro., N.V. v. Graves*, 709 F.2d 593, 595 (9th Cir. 1983); *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 (9th Cir. 1979) (sole shareholder had no standing to assert either federal or state law claims); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976) (majority shareholder may not assert state law claims despite economic injury to him); *Erlich v. Glasner*, 418 F.2d 226 (9th

2

Cir. 1969) (sole shareholder could not maintain an action under 42 U.S.C. § 1983).  Ninth Circuit courts are clear that a shareholder does not have standing to redress an injury to the corporation.  Therefore, Dr. Attenello's Motion should be denied for lack of standing.

Dr. Attenello is also attempting to subvert L.R. 83-2.2.2.  Under L.R. 83-2.2.2: Only individuals may represent themselves pro se.  ***No organization or entity of any other kind*** (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) ***may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1.***

L.R. 83-2.2.2 (emphasis added.)

Moreover, under L.R. 83-2.2.3, "[a]ny person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P."  L.R. 83-2.2.3.  The L.R. cautions that failure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default.  *See Advanced Orthopedic Ctr, Inc. v. Lakeside Medical Org.*, 2025 WL 385608, *2 (C.D. Cal. Feb. 3, 2025) ("Plaintiff is an organization appearing pro se, which is in violation of Local Rule 83-2.2.2.").

Dr. Attenello did not file a lawsuit against UHIC, Plaintiff did.  Plaintiff has not appeared, and is not represented by an attorney under L.R. 83-2.1.  Therefore, the Court, in its discretion, should dismiss this matter or enter judgment by default against Plaintiff.

## III.    FEDERAL JURISDICTION

### A.    Plaintiff's Claims Arise Under Federal Law.

Dr. Attenello argues that removal is improper because there is no federal question on the face of the Plaintiff's complaint.  (Motion, 4:9-10.)  For the reasons discussed below, that is incorrect.  This Court has federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded

complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "For statutory purposes, a case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Such claims "account[ ] for the vast bulk of suits that arise under federal law." *Id.* (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).

Here, Plaintiff asserts claims challenging alleged benefits determinations and obligations of UHIC. (Compl. p. 2.) Plaintiff contends that UHIC owes Plaintiff for "UNDERPAID EMERGENT/POST STABILIZATION EMERGENT CARE FOR PATIENT BASED ON STATE COMMON LAW," "IMPLIED IN LAW, IMPLIED AND VERBAL CONTRACT," "UNJUST ENRICHMENT AND DETRIMENTAL RELIANCE," and "(Health & Saf. Code, § 1343, subd. (e)(1))," also known as California's Knox-Keene Health Care Service Plan Act ("Knox-Keene Act"). (*Id.*) Plaintiff calculates damages as the "AMOUNT BILLED MINUS AMOUNT ALLOWED PLUS 15% INTEREST PER ANNUM AS PER H&S CODE 1371.35, 28 CCR § 1300.71.4." (*Id.*, p. 3.) And Plaintiff's Complaint attaches an explanation of benefits document stating the "Plan" benefit was based on the "Medicare Approved Amount"" and the "Medicare Paid Amount." (Compl., p. 22.) By attaching this document, Plaintiff is acknowledging—**on the face of its Complaint**—that there are federal Medicare issues underlying its claims. Moreover, UHIC understands based on information and belief, and based upon other public submissions to the Court involving similar claims, that Plaintiff routinely accepts Medicare assignments for Medicare-enrolled patients. (*Id.*; *see* Tikker Decl., ¶¶ 6-9.) In those situations, which may be at issue here, by accepting assignments, under CMS guidance and Medicare laws, rules, and regulations, Plaintiff agreed to accept Medicare-allowed amounts as payment in full for Medicare-covered services.

In addition, state-law claims may "arise under" federal law if they "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,

4

545 U.S. 308, 312 (2005) (federal court had jurisdiction over quiet-title action where question of federal law was "an essential element of … quiet title claim, and the meaning of the federal statute [wa]s actually in dispute").  More specifically, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

Here, (1) federal Medicare issues have been raised as central to the case, (2) it is actually disputed, (3) substantial (as demonstrated by the explanation of benefits document), and (4) it "is capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. 251, 258.

Finally, under *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107 (9th Cir. 2003), there are two circumstances in which a claim "arises under" the Medicare Act: (1) when claims are "inextricably intertwined" with a Medicare benefits determination, and (2) when both the standing and the substantive basis of the claim is the Medicare Act.  *Id.* at 1112 (citing *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984)).  "Most courts forgo the 'standing and substantive basis' test in favor of the 'inextricably intertwined' test where plaintiffs do not invoke Medicare in their complaints."  *Prime Healthcare Huntington Beach, LLC v. SCAN Health Plan*, 210 F. Supp. 3d 1225, 1232 (C.D. Cal. 2016).  Both state law and federal law claims brought under different statutes can "arise under" the Medicare Act if they are "inextricably intertwined" with a Medicare coverage or benefits decision.  *Kaiser*, 347 F.3d at 1113-15; *see also Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1142 (9th Cir. 2010).

Here, Plaintiff's claim is inextricably intertwined with the Medicare Act.  And, for the reasons discussed *supra*, this case should remain in this Court.  Plaintiff demands benefits in excess of what was determined payable for Medicare-covered services, for a Medicare-enrolled patient, pursuant to a Medicare methodology.  *See Ardary v. Aetna Health Plans of California, Inc.*, 98 F.3d 496, 500 (9th Cir. 1996); *Heino v. U.S. Ctr. for Medicare*, 709 F. Supp. 3d 1239, 1250 (D. Or. Dec. 22, 2023).

5

### B.    Federal Officer Removal Grounds.

Because Plaintiff's demand for a different, inapplicable payment methodology under the Knox-Keene Act fails as a matter of law,[3] this dispute will center on Plaintiff's direct challenge to the "Medicare Paid Amount," "the Medicare Approved Amount," and "Medicare statement" for the at-issue claims.  As noted above, on information and belief, Plaintiff is likely operating pursuant to a Medicare assignment, thereby agreeing to provide Medicare covered services for a Medicare-enrolled patient.  (*See* Tikker Decl., ¶¶ 6-9.)  While it remains unclear if Plaintiff intends to dispute its patient's Medicare enrollment, the Medicare supplemental plan, or both, however, such an issue would need to be resolved under federal Medicare laws, rules, and regulations.

For certain plans, UHIC participates as a MAO in the Medicare program as a government contractor subject to the government's "detailed regulation, monitoring [and] supervision" of Medicare-related activities.  *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007).  28 U.S.C. § 1442(a)(1), the federal officer removal statute, permits removal by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  *See also Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014) (removal was proper under the federal officer removal statute where the plaintiff sued for acts performed under the direction of the federal government).  This provision "should be 'liberally construed' to fulfill its purpose of allowing federal officials and agents who are being prosecuted in state court for acts taken in their federal authority to remove the case to federal court."  *Cnty of San Mateo v. Chevron Corp.*, 32 F.4th 733, 756 (9th Cir. 2022).  Indeed, Congress thought

---

[3] UHIC is not a "health care service plan" subject to the Knox-Keene Act as a matter of law.  This has been confirmed recently by the California Appellate Division in *Nissanoff v. UnitedHealthcare Ins. Co.*, 329 Cal.Rptr.3d 156 (2024), and several district courts.  *See, e.g., Namdy Consulting, Inc. v. UnitedHealthcare Ins. Co.*, 2018 WL 6507890, at *3 (C.D. Cal. Dec. 7, 2018); *Torres v. United Healthcare Ins. Co.*, 2024 WL 3498861, at *11 (C.D. Cal. June 28, 2024); *Ata Mazaheri, M.D., Inc. v. UnitedHealthcare Ins. Co.*, 2023 WL 5167362 (C.D. Cal. July 10, 2023).

6

that allowing a federal officer to remove a state action was necessary because state-court proceedings may deprive federal officials of a federal forum, and may have the effect of impeding or delaying the enforcement of federal law. *Id.*

To invoke federal officer removal, the removing party must allege that: (1) it is a "person" under the removal statute, (2) there is a causal nexus between the claims and the defendant's action taken at the direction of a federal officer, and (3) that it has a colorable federal defense to the claims. *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018); *Leite*, 749 F.3d at 1122. All three prongs of the analysis are met here.

**As to the first prong**, UHIC is a corporation, which are persons in the meaning of the statute. *Goncalves By & Through Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) ("The courts of appeals have uniformly held that corporations are "person[s]" under § 1442(a)(1). We agree and, therefore, the Blues have satisfied the first requirement for removal under § 1442(a)(1).") (citations omitted).

**As to the second prong**, a causal nexus exists where a person is acting under a federal officer and the actions are causally connected to the lawsuit. *See Goncalves*, 865 F.3d at 1244-45. Title XVIII of the Social Security Act, 79 Stat. 291, as amended, 42 U.S.C. § 1395 *et seq.*, commonly known as the Medicare Act establishes a federally subsidized health insurance program to be administered by the Secretary of the Department of Health and Human Services (the "Secretary"). *Heckler v. Ringer*, 466 U.S. 602, 605 (1984). The Act is administered by the Secretary through the CMS. *See Regional Medical Transport, Inc. v. Highmark, Inc.*, 541 F. Supp. 2d 718, 720 (E.D. Pa. 2008).

Plaintiff routinely accepts Medicare assignments and, here, treated a Medicare-enrolled patient that is also enrolled in a Medicare supplemental plan. "A Medicare Supplemental Contract is statutorily defined as a 'health insurance policy' or 'other health benefit plan.'" *U.S. v. Blue Cross and Blue Shield of Md., Inc.*, 790 F.Supp.106, 108 (D.MD. 1992) (citing 42 U.S.C. § 1395ss). "Such contracts are entered into between private parties, but are subject to regulation by the Department of Health and Human

7

Services." *Id.* Because "contractual liability under the Supplemental Contracts depends on a . . . determination of "Medicare Approved Charges," the value of the services is calculated by the appropriate rates established by the Office of Management and Budget. *Id.*

By administering Medicare benefits through the private market, [an MAO] helps CMS 'fulfill [a] basic governmental task.'" *Inchauspe v. Scan Health Plan*, 2018 WL 566790, at *5 (C.D. Cal. Jan. 23, 2018) (citation omitted); *see also Escarcega v. Verdugo Vista Operating Co.*, 2020 WL 1703181 (C.D. Cal. Apr. 8, 2020) (court upheld jurisdiction under federal officer removal statute, despite the fact that the defendant was a downstream entity rather than an MAO, because they derived from the entity's relationship with an MAO); *see also MHA, LLC v. Amerigroup Corp.*, 2021 WL 226110, at *7 (D.N.J. Jan. 21, 2021) (court upheld jurisdiction under federal officer removal statute and noted that "[t]he government's essential goal here is not the provision of Medicare Advantage Plans as such, but provision of Medicare coverage.  It is that essential function that is being discharged through the alternative means of employing Amerigroup."); *Beaumont Foot Specialists, Inc. v. United Healthcare of Tex., Inc.*, 2015 WL 9257026, at *5 (E.D. Tex. Dec. 14, 2015) (court upheld jurisdiction under federal officer removal statute noting that the defendants "acted under a federal officer or agency when they engaged in the complained-of conduct"); *New York City Health and Hosp. Corp. v. WellCare of N.Y., Inc.*, 769 F. Supp. 2d 250, 259 (S.D.N.Y. 2011) (court upheld jurisdiction under federal officer removal statute and noting that "[t]he complex federal regulatory scheme applicable to MA Organizations similarly calls for the hope of uniformity that a federal forum offers on federal issues.") (internal citation omitted).

When administering Medicare-regulated plans, UHIC is required to act under federal direction.  Here, Plaintiff's Complaint calls into question the administration of Medicare benefits generally and/or under the Medicare supplemental plan, including by rejecting the determination of the "Medicare Approved" amounts and the "Medicare Paid" amount.  (*See* Compl., p. 22.)

8

1    Additionally, any obligation to issue reimbursements turns on coverage, plan

2    terms, and the calculations of Medicare rates (*i.e.* the determination of claims based on

3    the value of the services, which is calculated by the appropriate rates established by the

4    Office of Management and Budget).

5    **As to the third prong**, UHIC has colorable federal defenses because of the

6    Medicare Act's expansive preemption provision. *See, e.g., Uhm*, 620 F.3d at 1156;

7    *Phillips v. Kaiser Found. Health Plan, Inc.,* 953 F. Supp. 2d 1078, 1087 (N.D. Cal. 2011)

8    (stating "[t]he Medicare Act contains an expansive express preemption provision").

9    At this time, it is unclear if Plaintiff may argue that one or more Medicare-

10    governed plans are implicated by the at-issue claims, including under Medicare Part C.

11    Regardless, any analysis of Plaintiff's claims require an examination of (1) the patient's

12    enrollment (guided by Medicare laws, rules, and regulations); (2) the circumstances

13    surrounding and regarding whether Plaintiff indeed accepted a "Medicare assignment"

14    thereby agreeing to treat a Medicare-enrolled patient and accepting Medicare-allowed

15    amounts as payment in full for Medicare-covered services; and (3) an analysis of the

16    adjudication of operative plan(s) against Medicare standards, including a determination

17    of whether coding and reimbursement aligns with Medicare laws, rules, and regulations.

18    Accordingly, this entire matter is removable pursuant to 28 U.S.C. § 1442(a), and

19    Dr. Attenello's Motion should be denied.

20    **IV.    DR. ATTENELLO'S REMAINING ARGUMENTS ARE DISTRACTIONS**

21    Dr. Attenello cites a host of ostensible legal proverbs and maxims in an attempt to

22    influence the Court to grant his Motion. None are applicable.

23    **A.    A Defendant May Remove A Small Claims Action To Federal Court.**

24    Dr. Attenello misreads the California Code of Civil Procedure to claim that a

25    defendant can never remove a small claims action to federal court. Not so. 28 U.S.C. §

26    1331 explicitly provides that the "district courts shall have original jurisdiction of all civil

27    actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

28    1331. There is no exception for small claims civil actions that arise under federal law.

9

*See, e.g.*, *Rubin v. Air China Ltd.*, 2011 WL 1002099 (N.D. Cal. 2011) (finding removal of small claims action appropriate based on federal question jurisdiction). Therefore, Defendant properly removed this action to federal court.

Furthermore, Dr. Attenello's citation to *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) is misplaced, as that matter involves the standard of exhaustion of administrative remedies for an individual who has been denied SSDI/SSI benefits, under Section 405(g). *See Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). That decision has no relevance to the instant dispute. Moreover, Plaintiff's discussion of a footnote in the California Supreme Court case *Quishenberry v. UnitedHealthcare, Inc.*, 14 Cal.5th 1057, 1074, FN. 8 (2023) is nonsensical. (Motion, 13:1-19.) While not binding on this Court, *Quishenberry* supports removal here. In *Quishenberry*, the California Supreme Court noted that because the plaintiff challenged Medicare benefits determinations, a state factfinder would have to apply standards established under Part C, and would need to apply criteria and standards established in Medicare regulations. *See Quishenberry*, 14 Cal.5th at 1073. Thus, the California Supreme Court ruled that because the plaintiff's state law claims against UnitedHealthcare and healthcare Partners "are based on duties arising under Part C, they are preempted." *Id.* at 1074.

## B.    There Is No Collateral Estoppel.

Plaintiff argues "collateral estoppel" with respect to the court's ruling in *Advanced Orthopedic Ctr., Inc. v UnitedHealthcare Ins. Co.*, 2024 WL 493883 (C.D. Cal. Feb. 6, 2024). (Motion, p. 7.) Essentially, Dr. Attenello invokes offensive non-mutual collateral estoppel, "a version of the doctrine [of collateral estoppel] that arises when a plaintiff seeks to estop a defendant from relitigating an issue which the defendant previously litigated and lost against another plaintiff." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 775 (9th Cir. 2003). Plaintiff contends without any support that "Advanced," a non-party, has prevailed against "UHC" on this very issue "in this very same Federal Court in a motion to remand." (Motion, 8:16-19.)

The Supreme Court has explained that district courts possess broad discretion in

10

the application of offensive-non mutual collateral estoppel. *See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971). There, the Supreme Court has held that "[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Id.* Significantly, the Supreme Court expressly held: "The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where . . . the application of offensive estoppel would be unfair to a defendant, a trial court should not allow the use of offensive collateral estoppel." *Id.* at 331. Courts are clear that "it is inappropriate to apply collateral estoppel when its effect would be unfair." *Eureka Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 873 F.2d 229, 234 (9th Cir. 1989). Moreover, collateral estoppel is inappropriate if there is any doubt as to whether an issue was previously litigated. *See id.* (citing *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985)).

Here, there is no collateral estoppel: the *Advanced Orthopedic Ctr.* matter involved a different plan document, different parties, different patients, and different legal arguments. Unlike this matter, that court found it was not apparent on the face of the complaint there was a federal question. 2024 WL 493883, at *1.

Moreover, the *Advanced Orthopedic Ctr.* court followed a Sixth Circuit opinion in coming to the conclusion that MAOs do not always act under CMS for purposes of the federal officer removal statute.[4] 2024 WL 493883 at *1. That decision and the Sixth Circuit's opinion are not binding on this Court.

## C.    Plaintiff's Arguments For Concurrent Jurisdiction Are Irrelevant.

Dr. Attenello's arguments regarding concurrent jurisdiction in small claims do not

---

[4] The Court should not rely on the unpublished Sixth Circuit opinion, *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 623 (6th Cir. 2016). The Sixth Circuit's approach in *Ohio State* is not compatible with other recent authority detailing the liberal construction of federal officer removal. *See, e.g., MHA, LLC v. Amerigroup Corp.*, 2021 WL 226110, at *5-7 (D.N.J. Jan. 21, 2021) (rejecting *Ohio State* under Third Circuit law); *Escarcega*, 2020 WL 1703181, at *6-7 (same)

11

preclude litigating in federal court.  Plaintiff has filed several actions against UHIC
asserting the same baseless theories of recovery as another plaintiff, Advanced
Orthopedic Center, Inc.  That plaintiff has filed over a thousand small claims actions,
many of them asserting inapposite legal theories against insurance companies, including
UHIC.  (*See* Tikker Decl., ¶¶ 5, 9.)  By filing actions in small claims court, the at-issue
plaintiff sues UHIC in a forum where it may not be represented by counsel, except in
limited circumstances after a judgment has been entered.  If Plaintiff wants to bring
claims against UHIC resting on the application of federal issues, Plaintiff must litigate in
a forum where federal judges can construe federal law.

### D.    Dr. Attenello's Sanctions Request Is Inappropriate.

Dr. Attenello requests $5,000 in sanctions  "for the unnecessary costs and expenses
incurred as a result of Defendant's frivolous and improper removal."  (Motion, 14:14-16.)
Dr. Attenello, a non-party, cannot seek relief from this Court.  As set forth above,
Defendant has stated good faith bases for removal.  Although Dr. Attenello contends the
*Advanced Orthopedic Ctr.* decision precludes removal, sanctioning a defendant for
making (or even repeating) a plausible argument is not an appropriate use of sanction
power.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 950 (9th Cir. 2001).

Rather, it is Plaintiff's Complaint that asserts legal theories rejected by the recent
California Appellate Division in *Nissanoff*, 329 Cal.Rptr.3d 156.  Furthermore, because
Dr. Attenello is proceeding *pro se*, he has not incurred any attorneys' fees.  Thus, any
award is inappropriate.

## V.    CONCLUSION

Defendant respectfully requests that Dr. Attenello's Motion be denied in its
entirety.

///

///

///

///

12

DATED: April 17, 2025                    Respectfully submitted,

                                         SEYFARTH SHAW LLP


                                         By: */s/ Kathleen Cahill Slaught*
                                             Kathleen Cahill Slaught
                                             Ryan R. Tikker

                                             Attorneys for Defendant
                                             UNITEDHEALTHCARE
                                             INSURANCE COMPANY

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I caused the a copy of the foregoing to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Kathleen Cahill Slaught*
Kathleen Cahill Slaught

OPPOSITION TO DR. ATTENELLO'S MOTION TO REMAND; CASE NO. 2:25-CV-02258-RGK-MAA
317290440v.2

1

## **CERTIFICATE OF COMPLIANCE**

2        The undersigned, counsel of record for Defendant certifies that this brief contains

3  4,133 words and is 12 pages, which complies with the word limit of L.R. 11-6.1 and the

4  Court's procedures.

5

6  DATED: April 17, 2025

7                                    */s/ Kathleen Cahill Slaught*
                                     Kathleen Cahill Slaught

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067. On April 17, 2025, I served the within document(s):

**DEFENDANT'S OPPOSITION TO DR. ATTENELLO'S MOTION TO REMAND**

☐   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by delivering the document(s) listed above to Nationwide Legal, Inc., for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on April 17, 2025.

☐   by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Dr. John Attenello MD
1415 Reeves Street, Unit #303
Los Angeles, CA 90035
Tel.: 619-786-4258        Emails:  john.attenello@gmail.com

Plaintiff in Pro Per

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 17, 2025, at Los Angeles, California.

_____
Paulin Kim

317290440v.2